United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for ARMT 2005-3<br><br>        Plaintiff,<br>   v.<br><br>MARIA FE LLENADO, JOEL MANGLICMOT, MARIA LUISA MANGLICMOT,<br><br>        Defendants<br>_____/ | No. C-09-4526 MMC<br><br>**ORDER GRANTING DEFENDANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS; REMANDING ACTION** |

      Before the Court is defendant Joel Manglicmot's ("Manglicmot") Notice of Removal, filed September 24, 2009, in which he asserts the Court has diversity jurisdiction over plaintiff U.S. Bank National Association's complaint. Also before the Court is Manglicmot's application to proceed in forma pauperis, filed September 24, 2009.[1]

      A district court has diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States." See 28 U.S.C. § 1332(a). A district court must remand a removed case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." See 28 U.S.C. § 1447(c).

      Manglicmot has the burden to establish the Court has jurisdiction over the

---

      [1]Good cause appearing, the application to proceed in forma pauperis is hereby GRANTED.

1 complaint.  See Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir.1997).
2 In that respect, Manglicmot has failed to allege, let alone meet his burden to establish, the
3 parties hereto are citizens of different States.  Although Manglicmot alleges he is a citizen
4 of California and that plaintiff is a citizen of Delaware and Minnesota, Manglicmot fails to
5 allege that the other defendants, specifically, Maria Fe Llenado and Maria Luisa
6 Manglicmot, are citizens of states other than Delaware and Minnesota.

7 Moreover, even if each defendant is a citizen of a state other than Delaware or
8 Minnesota, it is readily apparent from the face of the complaint that the amount in
9 controversy does not exceed the sum of $75,000.  See Abrego v. The Dow Chemical Co.,
10 443 F.3d 676, 690 (9th Cir.2006) (holding district court, for purpose of determining
11 jurisdiction, should examine whether it is "facially apparent" from complaint that amount in
12 controversy does not exceed sum of $75,000).  Plaintiff's sole claim is for unlawful detainer.
13 On its face, the complaint seeks damages of $50 per day, accruing as of April 14, 2009
14 (see Compl. ¶¶ 1, 8), for a total not to exceed $10,000 (see Compl. at 1).  Manglicmot
15 offers no evidence to show that, contrary to the complaint, the amount in controversy in fact
16 exceeds the sum of $75,000.

17 Consequently, the Court lacks subject matter jurisdiction over the complaint.  See
18 Singer, 116 F.3d at 376 (9th Cir.1997) (holding where "plaintiff does not claim damages in
19 excess of [$75,000] and the defendant offers no facts whatsoever to show that the amount
20 in controversy exceeds [$75,000], then the defendant has not borne the burden on removal
21 of proving that the amount in controversy requirement is satisfied").

22 Accordingly, the complaint is hereby REMANDED to the Superior Court of the State
23 of California, in and for the County of Contra Costa.

24 The Clerk shall close the file.

25 **IT IS SO ORDERED.**

26

27 Dated:  September 29, 2009

                                         MAXINE M. CHESNEY
28                                          United States District Judge